THE COLONIAL LIFE INSURANCE COMPANY OF AMERICA, A BODY CORPORATE, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND CITY OF JERSEY CITY, DEFENDANTS.

Submitted October 7, 1940—Decided March 12, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *William R. Gannon.*

For the defendants, *James A. Hamill (Frank P. McCarthy,* of counsel).

The opinion of the court was delivered by

HEHER, J. The question for decision is whether the taxing district of Jersey City has overassessed lands of prosecutor for taxation for the year 1938. The assessment was in the sum of $52,300. It was affirmed by the County Board of Taxation, but reduced to $47,000 by the State Board of Tax Appeals.

The local assessor is enjoined to "determine the full and fair value" of the taxable land "at such price as, in his judgment, it would sell for at a fair and *bona fide* sale by private contract" on the prior October 1st. *R. S.* 1937, 54:4-23. *Vide* article IV, section VII, paragraph 12 of the State Constitution. There is at the outset a presumption in favor of the *quantum* of the assessment as made by the local authority; and the *onus* of proof of an excessive valuation is upon the landowner. *New Jersey Bell Telephone Co.* v. *City of Newark,* 118 *N. J. L.* 490; *affirmed,* 124 *Id.* 451; *Hackensack Water Co.* v. *State Board of Tax Appeals,* 122 *Id.* 596; *Gannon* v. *State Board of Tax Appeals,* 123 *Id.* 450; *Central Railroad Company of New Jersey* v. *State Tax Department,* 112 *Id.* 5; *Estell* v. *Hawkens,* 50 *Id.* 122. While it is the undoubted function of this court to revise an immoderate valuation (*R. S.* 1937, 2:81-8; 54:4-59), due regard must needs be had for the experience of the county and state boards of taxation in matters of appraisement. In passing upon a

value fixed by the old State Board of Equalization of Taxes, this court said: "The valuation having been adjudged by a statutory tribunal erected for the particular purpose and experienced in such matters, this court will be loth to interfere with its findings on matters of fact, * * * unless the evidence is persuasive that injustice has been done." *Kearny* v. *Board of Equalization of Taxes,* 81 *Id.* 106. See, also, *Kearny* 'v. *State Board of Taxes and Assessment,* 103 *Id.* 26; *affirmed, Id.* 699.

So tested, the judgment under review is unassailable. The land is unimproved. It is situate at the southwest corner of Hudson Boulevard and Van Winkle Avenue, fronting 121 feet on the Boulevard and 116 feet on the avenue—in area, 14,036 square feet. Prosecutor's expert valued the parcel at $31,700. This appraisal was based upon a "unit rate of $250 per foot" for a frontage of 100 feet on the Boulevard. There were additional allowances for the "triangle" and "corner influence." The witness also took into account what he deemed to be "comparable sales." Applying the same unit rule, these sale prices were at the rate of $240, $170 and $130 per front foot. The valuation placed upon the property by the city's expert was at the rate of $480 per front foot. He adduced what he considered as comparable sales—particularly one made in December, 1936, of land on Pavonia Avenue, near the *locus,* for $125,000, or at the rate of $480 per front foot. This parcel is situate four blocks south of the *locus,* in an "apartment house section," and is "used as a parking lot."

The assessment, as reduced, represents an appraisement of $400 per front foot; and the insistence is that "It is not supported by any evidence * * * unless the Pavonia Avenue * * * sale (three years previous) is taken as the sole criterion, and the latest sales relied upon by prosecutor's expert, and in the more immediate vicinity of the premises under appeal, are entirely discarded." It is said further that the State Board's judgment "amounts to a reduction of approximately ten per cent. in the value of the land from 1931 to and including 1938," and that that "is extremely modest."

The land is located within or adjacent to the "Journal Square area," a section of relatively great value; and, con-

sidering all the circumstances of the sales cited as comparable, and the location of these parcels with relation to prosecutor's, we perceive no basis for the conclusion that the judgment of the State Board works an injustice. The valuation thus made has a substantial basis in the evidence, viewed as a whole.

Evidence of "comparable sales" is ofttimes of questionable probative force, and is rarely, if ever, conclusive. *Central Railroad Company of New Jersey* v. *State Tax Department, supra.* This has been especially true of most of the past decade. The economic crisis has so depressed the real estate market as that sales of "comparable" properties do not ordinarily provide the standard of value characteristic of such in normal times. Unlike the case of commodities having a fixed market value, there is no absolute standard for the admeasurement of the value of land at a given time. The constitutional and statutory test is what the sound judgment of the experienced authority set up for the purpose deems it to be, taking into consideration all factors that reasonably enter into the determination of the question. The fact that the property, due to abnormal conditions, is not salable on the assessment date is not conclusive of the issue. As said by Mr. Justice Garrison, in *Turnley* v. *Elizabeth*, 76 *N. J. L.* 42: "The criterion established by the statute is a hypothetical sale, hence the buyers therein referred to are hypothetical buyers, not actual and existing purchasers. If this be not so, a citizen, by the erection of a residence so costly that no one could buy it, would escape all taxation, which is obviously not the intent of the legislature or the proper interpretation of its statute. Taxation normally bears some relation both to the degree of protection required by the taxpayer and to his ability to contribute to such public burden as manifested by the permanent improvement of his real property. Mere costliness, therefore, cannot rationally be made the basis of exemption from taxation. The location of property and the consequent state of the market for it stand, however, upon a different footing, and have a proper relation to the statutory standard." That standard is the price that a "fair and *bona fide* sale by private contract" would yield. And this is not at variance with the constitutional criterion of "true value."

It suffices to add that the "tax history" introduced by prosecutor does not serve to destroy the presumption in favor of the assessment, as revised, and to cast the burden of proof upon the municipality. This was merely a circumstance to be considered in the resolution of the question of valuation.

The judgment is accordingly affirmed, but without costs.